IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC. CLERK, CHARLESTON, SC
2013 OCT 22 P 12: 39

| | |
|---|---|
| Tyrone Lamar Roberson, # 191327 ) | No. 2:13-cv-1872-RMG |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Ms. Kela E. Thomas, Commission of ) Probation, Parole, and Pardon Services; ) William F. Marscher, III, S.C. Commission ) On Indigent Defense; Frderick M. Corley, ) Esquire; Randolph Mardaugh, III, Solicitor ) Attorney for the State; William T. Howell, ) Judge of the 14th Judicial Circuit Court of ) S.C.; Anthony J. Padula, Warden, Lee ) Corrections Institution; Major James Dean; ) Lieutanant A. Davis; Lieutenant Ernest ) Mims; Sergeant B. Cook; Sergeant K. ) Arens; Mecial Health Care Provider RN ) Ms. Fulton; RN Ms. Judy Rabon; RN Ms. ) McDonald; William Byars, Jr. SCDC ) Director, et al.; South Carolina State ) Budget and Control Board Committee; ) J. McRee, M.D., KCI Pharmacy; ) Juanita Moss, Food Service Supervisor; ) Ms. Bell, Food Service Supervisor; Ms. ) Norman, Food Service Supervisor; Ms. ) Anderson, Food Service Supervisor, ) Defendants. ) | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court dismiss the Complaint without prejudice as to Defendants Ms. Kela E. Thomas, Solicitor Randolph Murdaugh, Judge William T. Howell, William F. Marscher, III, Frederick M. Corley, Major James Dean, Lieutenant Ernest Mims, Sergeant B. Cook, Sergeant K. Arens, William Byars, Jr., and the South Carolina Budget and

1

Control Board Committee. (Dkt. No. 29). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

Tyrone Lamar Roberson, a state prisoner proceeding pro se and in forma pauperis, brings this action pursuant to 28 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this action was automatically assigned to a Magistrate Judge for pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Following that review, the Magistrate Judge issued the present R&R. (Dkt. No. 29). Plaintiff then filed timely objections. (Dkt. No. 33).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court.

In the R&R, the Magistrate Judge recommends the Court dismiss as defendants to this case Ms. Kela E. Thomas, Solicitor Randolph Murdaugh, Judge William T. Howell, William F. Marscher, III, Frederick M. Corley, Major James Dean, Lieutenant Ernest Mims, Sergeant B. Cook, Sergeant K. Arens, William Byars, Jr., and the South Carolina Budget and Control Board Committee. The Court addresses each of Plaintiff's objections below.

The Magistrate Judge recommended dismissing Defendants Corley and Marscher, Plaintiff's trial attorneys, for lack of jurisdiction because they are not state actors for purposes of 28 U.S.C. § 1983 and because they are not diverse from Plaintiff. Plaintiff objects that the Magistrate Judge should have recommended transferring venue to the Jasper County Court of Common Pleas under 28 U.S.C. § 1404(a). However, that statute only allows transfer to another federal district court where venue is proper; it does not confer jurisdiction on this Court.

3

Plaintiff's objections regarding the Magistrate Judge's recommendations as to Defendants Thomas, Murdaugh, Howell, South Carolina Budget and Control Board Committee, William Byars, Jr., Arens, Dean, Mims, and Cook are harder to discern. Plaintiff makes general allegations against the Court itself, for example a "conspiracy to insulate named Defendants," which the Court dismisses as unresponsive to the R&R. Plaintiff also includes block quotations of various reported cases discussing 42 U.S.C. §§ 1981, 1983, and 1985, but does not argue their relevance to the present case. Finally, Plaintiff appears to argue that the statute of limitations applicable to his § 1983 claims for excessive force should be six years. However, it is clear the proper term is three years. *McMorris v. Sherfield*, No. 6:10-cv-670-JMC, 2011 WL 13457, at *2 (D.S.C. Jan. 4, 2011) ("In section 1983 actions filed in the District of South Carolina, the court must apply South Carolina's general personal injury statute of limitations. In South Carolina, the applicable personal injury statute of limitations establishes a three-year limitations period for personal injury causes of action arising on or after April 5, 1988.") (internal citations omitted).

Further, to the extent Plaintiff objects to the Magistrate Judge's decision to deny his third motion to amend his Complaint, (Dkt. No. 21), the Court agrees with this decision and finds it is not clearly erroneous or contrary to law.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. (Dkt. No. 29). Accordingly, the Court dismisses the Complaint without prejudice as to Defendants Ms. Kela E. Thomas, Solicitor Randolph Murdaugh, Judge William T. Howell, William F. Marscher, III, Frederick M. Corley, Major James Dean, Lieutenant Ernest Mims, Sergeant B. Cook, Sergeant K. Arens, William Byars, Jr., and the South Carolina Budget and Control Board Committee.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 22, 2013
Charleston, South Carolina