IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Lamar Roberson, #191327, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Anthony J. Padula, Warden, Lee ) <br> Correctional Institution; Lieutenant ) <br> A. Davis, Medical Care Provider ) <br> RN Ms. Fulton; J. McCree, M.D.; ) <br> Juanita Moss, Food Service ) <br> Supervisor; Ms. Bell, Food Service ) <br> Supervisor; Ms. Norman, Food ) <br> Service Supervisor; Ms. Anderson, ) <br> Food Service Supervisor, ) <br> ) <br> Defendants. ) <br> ) <br> _____) | Civil Action No. 2:13-1872-RMG <br><br><br><br><br><br><br><br><br><br> **ORDER** |

This matter comes before the Court on a Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendants' motion for summary judgment be granted and the case be dismissed. (Dkt. No. 110). Plaintiff has filed objections to the R & R. (Dkt. No. 112). As set forth more fully below, the Court adopts the R & R as the order of the Court, grants the motion for summary judgment and dismisses this action with prejudice.

**Legal Standard**

The recommendation of the Magistrate Judge has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 260, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made and may "accept, reject or modify, in

whole or in part, the findings and recommendations of the magistrate judge." 28 U.S.C. 636(b)(1).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only where it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F. 2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the non-moving party." *Health South Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

For a prisoner to state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious" and (2) that subjectively the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The subjective component can be demonstrated by showing that the defendant acted with deliberate indifference. This requires more than a showing of medical negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Rather, a prison official must demonstrate deliberate indifference by "completely failing to consider an inmate's complaints or by acting intentionally

to delay or deny the prisoner access to adequate medical care." *Bridges v. Keller*, 519 Fed. App'x 786, 787 (2013). Mere disagreement between the prisoner and prison officials regarding the proper treatment required does not constitute deliberate indifference. The Constitution requires only that the prisoner receive adequate medical care and is not guaranteed treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The fact that a prisoner believes he had a more serious injury or that he required better treatment does not establish a constitutional violation. *King v. United States*, 536 Fed. App'x 358, 362-63 (4th Cir. 2013).

## Discussion

This *pro se* action was filed by Plaintiff alleging a broad array of allegations against numerous prison and court officials. By earlier order, this Court adopted a prior R & R (Dkt. No. 29) dismissing with prejudice a dozen of these named parties. (Dkt. No. 41). The present motion for summary judgment (Dkt. No. 105) seeks dismissal of the remaining claims of served Defendants[1] with prejudice.[2]

The Magistrate Judge has ably summarized the legal and factual issues raised in Plaintiff's Second Amended Complaint and, relying on record evidence and relevant legal authorities, has correctly concluded that the moving Defendants are entitled to summary judgment as a matter of law. First, the Magistrate Judge addressed the medical indifference

---

[1] The moving parties are Defendants Padula, Davis, Fulton, McCree, Moss, Bell, Norman and Anderson. (Dkt. No. 105-1 at 14).

[2] It appears that two proposed Defendants, "RN Ms. Judy Rabon" and "RN Ms. McDonald" were named by Plaintiff in the Second Amended Complaint (Dkt. No. 28) but no summons was ever returned executed against them. (Dkt. No. 35). Since more than 22 months have passed without service of process, the actions against these parties are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

claim, finding after a careful examination of the record that Plaintiff had "presented no evidence whatsoever that the Defendants were deliberately indifferent" to any of his medical needs. (Dkt. No. 110 at 10). The Magistrate Judge noted that the record documented multiple medical examinations by various medical staff members, diagnostic tests performed and prescriptions being issued. (*Id.*). Plaintiff has failed to provide in his objections any basis to challenge the reasoned and well supported findings of the Magistrate Judge that Plaintiff has failed to set forth a factual basis for a valid Eighth Amendment claim. (*Id.* at 9-10).

Second, the Magistrate Judge addressed Plaintiff's claims related to the refusal of the South Carolina Department of Corrections ("SCDC") to provide him a Halal diet, which would involve the slaughtering of meats in accord with Islamic standards. The Magistrate Judge set forth the relevant facts in the record, most notably that SCDC did offer Plaintiff a vegetarian diet consistent with Islamic practice and a diet including meats exclusive of pork. The Magistrate Judge also noted the cost factors associated with providing ritually slaughtered meat. The Magistrate Judge correctly concluded that the refusal to provide a Halal diet did not violate Plaintiff's rights under the First Amendment and the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq. (Dkt. No. 110 at 10-13). Plaintiff's objections have failed to provide a basis to challenge the well reasoned conclusions of the Magistrate Judge on this issue.

Third, the Magistrate Judge addressed Plaintiff's non-religious based complaints about the prison food service, including complaints that prisoners are provided two meals on weekends that equal in caloric intake the normal three meal a day diet. The Magistrate Judge noted the prison policy and resource issues associated with the weekend food policy and concluded that

this practice did not violate any of Plaintiff's legal rights. The Magistrate Judge also addressed Plaintiff's complaints about the prison serving trays, which are made from silicone material because metal or plastic trays can be used potentially as weapons by the prisoners. Again, the Magistrate Judge reasonably and properly concluded that the use of such trays did not violate the legal rights of Plaintiff. (*Id.* at 13-16). Plaintiff's objections provided no basis to challenge the Magistrate Judge's factual and legal conclusions.

## Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge as the order of the Court (Dkt. No. 110), **GRANTS WITH PREJUDICE** the summary judgment motion of Defendants Padula, Davis, Fulton, McCree, Moss, Bell, Norman and Anderson (Dkt. No. 105); and **DISMISSES WITHOUT PREJUDICE** the claims against Defendants Rabon and McDonald. Since all claims have now been dismissed, the Clerk is directed to close the file.[3]

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

July 22, 2015
Charleston, South Carolina

---

[3] In light of the rulings set forth above, all outstanding motions are now moot, including Dkt. Nos. 104, 108, 118, 121, and 125.